UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sylvester Shirley,

       Plaintiff,         Civil Action No. 11-14297

   vs.         Chief District Judge Gerald E. Rosen

City of Eastpointe,         Magistrate Judge Mona K. Majzoub
Brian Deal, Officer Merlo,
and Officer Konal,

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY [9] AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL MORE SPECIFIC ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [12]

Plaintiff Sylvester Shirley has filed this 42 U.S.C. § 1983 claim against Defendants Eastpointe, Deal, Merlo, and Konal alleging that the individual defendants used excessive force against him outside of a bar on October 2, 2009.[1] Plaintiff alleges that Eastpointe is liable under a municipal liability theory for its customs, practices, and/or policies that resulted in the individual defendants' violating Plaintiff's constitutional right to be free from excessive force. Plaintiff has also alleged an assault and battery claim as well as a negligence claim on the same facts.

Before the Court are Plaintiff's motion to compel discovery and Defendants' motion to compel more specific answers to interrogatories and request for production of documents. (Dkt. 9,

---

[1]Defendants state that, on October 2, 2009, Plaintiff "was physically removed from the Marz Bar by bar employees." (Dkt. 12, Defs.' Mot. to Compel at 2.) They add that Eastpointe Police Officers responded and that Plaintiff failed to cooperate with them, so they tasered him. (*Id.*)

1

12.) The Court has been referred these motions for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 10, 13.) The Court has reviewed the pleadings, including the joint statements of resolved and unresolved issues, dispenses with a hearing, and now issues this order.[2]

## I. Discovery standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

## II. Plaintiff's first motion to compel discovery

In his motion to compel, Plaintiff alleges that Defendants' responses to his interrogatories and requests for production were deficient in several ways. Plaintiff alleges:

- the individual defendants failed to answer each interrogatory;
- only the attorney signed the interrogatory;
- each of the interrogatories were answered by Deputy Chief Scott Bourgeouis, who is not a party to the case;
- interrogatory #4 was not answered, as the 'answer' merely pointed to documents;
- Defendants failed to completely answer interrogatories ## 8, 10, 12, and 13;

---

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

- Defendants failed to produce document requests ## 2 (activity logs), 8 (citizen complaints), 10 (transport logs), and 16 (personnel files); and
- Defendants represented that they responded to document request #14 (use of force and intervention policies), but they did not attach those documents.

### A. Defendants must cure the signing deficiency

Defendants first state that the discovery requests were addressed to "Defendant" and gave no indication as to whom the discovery was directed toward.[3] (Defs.' Resp. ¶ 2.) Defendants then state that Deputy Chief Scott Bourgeouis answered the interrogatories on behalf of all of the defendants. (*Id*. ¶ 4.) And Defendants add that they cured the "signing" deficiency. (Defs.' Mot. at 2.)

While Defendants make the representation that Bourgeouis answered the interrogatories on behalf of all the defendants, there is no formal indication that the other defendants have agreed to be bound by Bourgeouis's answers.

Rule 33(b)(1) requires answers to interrogatories to be signed "by the party to whom [the interrogatories] are directed" and, if that party is a governmental agency, "by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1)(A), (B). Rule 33(b)(1)(5) also requires that the party who answered the interrogatory must sign the interrogatory.

Here, the Court finds that Bougeouis may answer interrogatories on behalf of Defendants Deal, Merlo, and Konal, but those defendants must indicate their desire for him to answer on their behalf. *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2172 (3d ed. 2012) (citing *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 164 (N.D.Ohio)

---

[3]The Court recognizes that Plaintiff's interrogatories were unclear as to whom they were directed. But the Court also recognizes that Defendants did take the appropriate course of action by responding on behalf of all defendants, although they did so improperly, as the Court discusses below.

(superseded by Rule on other grounds as stated in *Schipper v. BNSF Railway Co.*, 07-02249, 2008 WL 2358748, at *1 (D.Kan. June 6, 2008)) ("If identical interrogatories are submitted to several parties, they may designate one of their number to answer for all of them, provided that they agree on the record that all are bound by the answers."). In *Meese*, the court overruled the defendant's objection that one of the plaintiffs could not respond to interrogatories on behalf of the other plaintiffs when the other plaintiffs agreed, on the record, to be bound by the answers to the interrogatories. 35 F.R.D. at 164.

The Court therefore orders Defendants Deal, Merlo, and Konal either to answer the interrogatories in full or to provide a supplement to Defendants' answers to Plaintiff's discovery indicating that they agree to be bound by the former answers. The Court orders Defendants to comply with this order within 21 days.

### B. The Court finds that Defendants have satisfactorily answered Interrogatory #4

Plaintiff alleges that Defendants have not appropriately answered Interrogatory #4.

Interrogatory #4

>Please state the facts and circumstances relied upon to support the use of force on Plaintiff on the date of the incident complained of herein.
>
>>Answer: The Defendant objects to this Interrogatory. The Interrogatory is vague, ambiguous, ill-defined, overly broad, overly burdensome and seeks a narrative response. Subject to said objection and without waiving same, Defendant answers as follows: See attached police reports and records.

Plaintiff argues that Defendants did not respond appropriately to Interrogatory #4 because "simply referring to documents is not a responsive Interrogatory answer." (Pl.'s Mot. ¶ 7.) Defendants stated that their answer follows Rule 33(d) and that they have identified and produced the police reports that outline the facts and circumstances that support the use of force in this case.

4

(Defs.' Resp. ¶ 7.)

Defendants are correct; the Court therefore finds that Defendants have answered this interrogatory. Rule 33(d) gives a party responding to an interrogatory the "option to produce business records." Fed.R.Civ.P. 33(d). This option exists "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." (*Id.*) If these conditions are met, "the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." (*Id.*)

Here, although the Court finds that Defendants' objections are not appropriate, they have properly pointed to their business records that are responsive to Plaintiff's requests.

## C.  Defendants must fully answer Interrogatory #8

Interrogatory #8

> Was an investigation done into this matter involving Plaintiff? If so, please provide the outcome of the investigation, the names, addresses, telephone numbers, and ranks of any and all agents, servants, employees, representatives, and/or others within your knowledge, which [sic] investigated the matter complained of herein.
>
> > Answer:  Yes. Plaintiff was charged with aggravated assault and ethnic intimidation and pled guilty to both offenses.

Plaintiff argues that Defendants did not fully respond to Interrogatory #8. (Pl.'s Mot. ¶ 8.) Defendants argue that "[t]he answer is full and complete and outlines with specificity the investigation that was conducted[.]" (Defs.' Resp. ¶ 8.) The Court finds that Defendants have not

sufficiently answered Interrogatory #8. The interrogatory asks, not only whether an investigation was conducted, but also to provide information and documents about the investigation. Defendants have not responded to this portion of the interrogatory. If Defendants have provided the information and documents related to the investigation requested by the interrogatory, they need to state so. The Court therefore orders Defendants to fully respond to Interrogatory #8, or supplement it with a response, within 21 days of this order.

### D. Defendant must fully answer Interrogatory #10

Interrogatory #10

> Were any statements, whether written or otherwise recorded, taken from anyone, including but not limited to the parties of this Complaint? If so, please provide the names, addresses, telephone numbers, and job titles of the individuals taking and receiving such statements. Also, please provide a copy of said statements.
>
> > Answer: Oral statements were taken by Officers Deal, Merlo and Konal from witnesses Valenti, Barrett and Lynn. Oral and written statements were taken by Lt. Gerlach from witnesses Delicata, Siersma and Reed. Please see attached written statements.

Plaintiff argues that Defendants failed to completely respond to Interrogatory #10. (Pl.'s Mot. ¶ 9.) Defendants state that they answered the interrogatory in full and identified "every written statement taken from witnesses[.]" (Defs.' Mot. ¶ 9.) The Court has reviewed Defendants' answers. While Defendants did list the names of the people involved, Defendants did not list the telephone numbers or job titles. Defendants further did not provide a reason why they did not list that requested information. The Court orders Defendants to fully respond to this interrogatory within 21 days of this order.

### E. Defendants have satisfactorily answered Interrogatories ## 12 and 13

Interrogatory #12

6

Please provide the names of each and very [sic] individual who had any type of contact with Plaintiff before, during, or after the incident complained of herein.

    Answer:    See objection and answer to Interrogatories 2 and 3 above.

    Answer to 2:    Defendants object to this Interrogatory. The Interrogatory assumes facts not in evidence. More specifically, the "incident complained of herein" did not occur. Subject to said objection and without waiving same, Defendant answers as follows: [(lists various Eastpointe police officers).]

Interrogatory #13

Please provide the names of the officers who arrested Plaintiff.

    Answer:    See objection and answer to Interrogatory 2 above.

Plaintiff argues that Defendants have not completely answered Interrogatories ##12 and 13. (Pl.'s Mot. ¶¶ 9, 10.) But Plaintiff does not state why he asserts that the interrogatories remain fully unanswered. Defendants argue that they have provided the names of every individual who gave a witness statement and every officer who participated in Plaintiff's arrest. (Defs.' Resp. ¶¶ 9, 10.) The Court finds that Defendants have fully answered these two interrogatories and denies Plaintiff's motion with respect to them.

### F. The Court finds that Defendants' suggestion to satisfy the RFPs is reasonable and the Court orders production subject to a protective order

Plaintiff argues that Defendants did not fully respond to several RFPs. (Pl.'s Mot. ¶ 11.) He explains that they have refused to produce the requested activity logs (RFP #2), citizen complaints (RFP #8), transport logs (RFP #10), and personnel files (RFP #16). (*Id.* ¶ 12.) He adds that Defendants have also failed to attach the use of force and intervention policies that they stated they attached, in response to RFP #14. (*Id.* ¶ 13.)

Defendants state that they have "agreed to provide redacted activity logs, relevant and

7

limited citizen complaints, transport logs (to the extent [the logs] exist), and pertinent portions of personnel files relevant to training and discipline, subject to a Protective Order." (Defs.' Mot. ¶ 12.) As to RFP #14, Defendants state that they "will produce its internal policies and procedures regarding the use of force subject to a Protective Order." (Defs.' Mot. ¶ 13.)

Defendants state that, on February 21, 2012, defense counsel served Plaintiff's counsel with a proposed Protective order regarding the RFP-requested material. (Defs.' Resp. at 8.) They add that they "will agree to produce a redacted version of the activity logs removing names and addresses of non-involved citizens, citizen complaints for the previous five years arising out of the alleged use of force against the named Defendants, transport logs (if any exist) and the pertinent portion of personnel files involving training and discipline, if any, arising out of the use of force." (*Id.*)

The Court finds that Defendants' suggestions is reasonable, whereas Plaintiff's requests are overbroad. In line with Defendants' suggestion the Court therefore orders the parties to produce:

> a redacted version of the activity logs removing names and addresses of non-involved citizens, citizen complaints for the previous five years to the present (2004-the present) arising out of the alleged use of force against the named Defendants, transport logs (if any exist) and the pertinent portions of personnel files involving training and discipline, if any, arising out of the use of force.

The parties are to enter into a protective order and exchange this information within 21 days. The Court therefore denies Plaintiff's request as to the RFPs.

### III. Defendants' motion to compel more specific answers to interrogatories and requests for production

Defendants state that they served Plaintiff with their first interrogatories and requests for production on December 14, 2011. (Dkt. 12, Defs.' Mot. to Compel, Ex. A.) They say that Plaintiff did not answer the discovery requests until January 27, 2012. (Defs.' Mot. to Compel, Ex. B.)

The parties have submitted a joint statement of resolved and unresolved issues regarding Defendants' motion to compel discovery. (Dkt. 19.) The Court will address each unresolved issue, in turn.

**A. Unresolved issues:**

**1. Should Plaintiff have to provide the date, month and/or year of treatment, the purpose and condition for which he was treated, and the sum of money paid for his treatment, to the best of his knowledge, for the 4 medical providers identified in response to Defendants' Interrogatory number 5 or is the fact that Plaintiff has provided signed authorizations for the release of medical records for the 4 providers sufficient?**

Interrogatory #5:

> Set forth the full name, address, and telephone number of each and every hospital, clinic, practice, doctor, psychiatrist, psychologist, therapist, social worker, counselor, nurse, or other provider or examiner who has attended, evaluated, counseled, treated or examined you as a result of the incident herein sued upon, further stating the date, month, and year of each examination or attendance, the purpose and condition for which care, attention or treatment was provided, and the sum of money paid by you or on your behalf or owing for each service provided.

> Answer: As an answer, Plaintiff listed four places where he has received treatment and then stated that, "[t]he remaining information can be obtained from Plaintiff's medical records themselves. Plaintiff has already sent signed medical record release authorizations to Defendants' Counsel.

Plaintiff must respond to the interrogatory, in full. While Defendants may take advantage of Rule 33(d), Plaintiff cannot do so here, for the records and information Defendants have requested are not Plaintiff's "business records" in his possession. He therefore cannot use Rule 33(d)'s option to produce business records. *See Bradley v. Val-Mejias*, 00-2395, 2001 WL 1449339, at *2 (D.Kan. Oct. 9, 2001) (quoting Fed.R.Civ.P. 33(d)) ("While [Rule 33(d)] allows a party to answer an interrogatory by producing business records in certain circumstances, that rule applies only to the

9

business records 'of the party upon whom the interrogatory has been served.'"). In *Bradley*, the court held that Rule 33(d)'s business records exception did not apply to a hospital's medical records, because "the medical records are the business records of various non-party hospitals and not those of Plaintiff." *Id*. The court reasoned that the defendants "should not be required to subpoena this information from third parties. Plaintiff, as the responding party, cannot shift the expense and burden to Defendants to obtain this information from Plaintiff's medical providers." *Id*. *See also Aspen Grove Owners Ass'n v. Park Promenade Apartments, LLC*, 09-1110, 2010 WL 3788038 at *6 (W.D.Wash. Sept. 17, 2010) (citations omitted) (holding that the Rule 33(d) business records exception "has been 'narrowly interpreted, . . . and in circumstances that do not strictly involve 'business records,' federal courts have generally refused to allow parties to answer interrogatories by referring to outside material.'").[4]

Because Plaintiff cannot direct Defendants to records that are not his business records to answer an interrogatory, the Court orders Plaintiff to comply with this interrogatory, in full, within 21 days of this order.

> **2.** **Should Plaintiff have to provide the names, address and telephone number of all medical and/or psychological professionals he has treated with in the last 20 years, and further provide the date, month and year of treatment, purpose and condition for which treatment was sought and the conclusion, diagnosis, medications and/or prognosis resulting from such treatment? (Defendants' Interrogatory number 6.)**

---

[4]For further support, see 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2178 (3d ed. 2012):
> The option is limited to questions whose answer may be derived from the party's records, but may questions are not of that sort. For example, if a question calls for the recollections of parties or their employees or agents, the fact that some pertinent data might also be found in the records would not warrant use of this option. Ordinarily it is also required that the information be obtainable from the records of the responding party, not those of somebody else.

To this interrogatory, Plaintiff responded:

> Objection. Vague. Overbroad. Harassing. Not relevant nor likely to lead to the discovery of relevant information. Improper character evidence. More prejudicial than probative. Notwithstanding these or any other objections and without waiving same, please see the following response:
>
> See previous answers to Interrogatories. Also, I had medical treatment from the Michigan Department of Corrections.

Given that Plaintiff has made a damages claim, Plaintiff must respond to this interrogatory. Plaintiff alleges that Defendants used excessive force on October 2, 2009. (Compl. ¶ 9.) Plaintiff has also alleged that he suffered injuries and damages from Defendants' alleged "illegal and excessive actions[.]" (*Id.* ¶ 15.) He adds that he has made a "viable claim for compensatory and punitive damages." (*Id.* ¶ 21.) But other than that statement, Plaintiff has not listed what type of damages, mental, physical, etc., he is claiming.

While the Court finds that Plaintiff must respond to the interrogatory, the Court also finds that the interrogatory is overbroad. The Court therefore orders Plaintiff to respond to the interrogatory, in full, with the time period 2004 until the present, within 21 days of this order.

**3. Should Plaintiff have to provide records and/or signed authorization for the release of records concerning all treaters to be identified in response to Defendants' Interrogatory number 6?**

The Court orders Plaintiff to provide signed authorizations so that Defendants may seek the documents responsive to Interrogatory #6. *See Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 649 (N.D.Ind. 1991)(holding that a defendant's best means by which to secure medical records was to have the plaintiff execute a form authorizing release of medical records.). If Plaintiff has not already issued such authorizations, the Court orders Plaintiff to provide the records within 21 days of this order.

11

**4.	Should Plaintiff be ordered to produce responses to Defendants' Interrogatory number 11 and Request to Produce 11, 13-15, and/or in the alternative, stipulate that all claims for lost income, lost wages and lost future income and wages have been waived when Plaintiff has said he is not currently making a wage loss claim?**

These discovery requests relate to Plaitniff's employment past, present, and future; his income; and his tax records. To each request, Plaintiff responds that he is not making a wage loss claim and that therefore that Defendants seek irrelevant discovery. Because Plaintiff has made the representation that he is not making a wage loss claim, this discovery would be irrelevant. The Court therefore orders Plaintiff to submit a stipulation that he is not making any type of wage loss claim within 21 days of this order. If Plaintiff fails to do so within 21 days, then the Court orders Plaintiff to fully respond to the discovery requests with the relevant time period being 2004 until the present. Plaintiff would then have 21 days after the expiration of the 21 days to fulfill these discovery requests.

**5.	Should Plaintiff have to produce a supplemental response to Defendants' Interrogatory number 12 and Request to Produce number 16 and 42?**

Interrogatory #12.

> Itemize all other expenses and losses which you claim to have incurred as a result of the incident herein sued upon.

> Answer:

>> I had to pay people to help me around the house and take me to my doctor appointments. I also had to pay for my medications. I am unable to presently calculate any specific amounts at this time, but will amend my answer in the future. However, I have signed authorizations for Defendants to get my relevant medical records and my medical expenses should be contained in there. I do owe medical bills to Universal Health Group, but I do not know how much I owe. However, Defendants can get this information since I provided them with signed authorizations.

RFP #16.

Please produce copies of any and all documents evidence all items of expenses and losses which you claim to have incurred as a result of this incident.

Answer:

See answer to previous Interrogatory.

RFP #42.

Produce copies of all books, records, materials, documents, writings and recordings, audiotape, videotape or other depictions evidencing your claims and/or damages in this litigation.

Answer:

Objection. Premature as discovery between the parties has just begun and all such materials have not yet been produced. However, Plaintiff has provided Defendants with signed record authorizations, has provided witness statements, and photographs.

The Court finds that these discovery requests seek relevant information. As the Court has discussed above, Plaintiff cannot simply point Defendants to non-parties to answer interrogatories. The Court therefore orders Plaintiff to fully respond to Interrogatory #12 and RFP #16 within 21 days. As to RFP #42, the Court finds that the RFP is not premature and the Court orders production of any materials Plaintiff has or otherwise state that no materials requested have not been produced. The Court reminds Plaintiff of his ongoing duty to supplement. The Court orders a production or response within 21 days of this order.

The following two unresolved issues are related:

**6. Should Plaintiff be ordered to provide a complete address for the following witnesses identified in response to Defendants' Interrogatory number 14, or, in the alternative, should an order be entered striking those witnesses (for which that information has not been provided):**
   **Simone Ragland (phone number provided)**
   **Kalton Sabra (phone number provided)**
   **George Barclay**
   **Derricka McCarver (phone number provided)**

        **Marlena McCarver (phone number provided)**
        **Ledenia**

    **7.** **Should Plaintiff be ordered to provide a phone number for the following witnesses identified in response to Defendants' Interrogatory number 14, or, in the alternative, should an order be entered striking those witnesses (for which that information has not been provided):**
        **George Barclay**
        **Ariel Sydes (address provided)**
        **Darnell Turner (formerly listed as "Blunt") (address provided)**
        **Ledenia**

The Court orders Plaintiff to provide complete information (full names, addresses, and telephone numbers) for the individuals identified in Interrogatories ## 6 and 7 within 21 days of this order. If Plaintiff fails to do so, the Court will preclude the witnesses and any testimony they may provide.

    **8.** **Should Plaintiff have to provide more specific responses to Defendants' Interrogatories number 17-20?**

Interrogatory # 17.

> In Count I of your Complaint, you allege a Fourth Amendment Deprivation-Excessive Force. In relation to this allegation, please provide the following information: [the names, identifying information, and facts about each defendant relating to the incident giving rise to the case.]

> Answer:

>> Objection. Calls for a legal conclusion. Furthermore, the Complaint . . . sets forth the information requested. Notwithstanding these objections and without waiving same, please see the following response:

>> Everything happened very fast. I remember that I was thrown to the ground by one of the named officers. After I was handcuffed, the named officers kicked me in my back and head and punched me in the head and about my body, and I blacked out. None of the officers tried to stop the beating I was getting and even though I asked for medical attention, they did not give me any.

Interrogatory #18 asks Plaintiff to point to facts in support of his municipal liability claim against the City of Eastpointe. Plaintiff objected, stating that the interrogatory called for a legal conclusion. Interrogatories ##19 and 20 ask for similar facts related to Plaintiff's assault and battery and gross negligence claims. He made the same objection and response as in his answer to Interrogatory #17.

Defendants argue that these interrogatories "seek the factual basis for Plaintiff's allegations of excessive force, assault and battery, and gross negligence." (Defs.' Mot. at 16.) They maintain that Plaintiff has failed to identify any defendant by name and that Plaintiff cannot succeed on these claims. Defendants request that the Court strike these claims.

The Court finds that although Plaintiff's "legal conclusion" is not a proper objection in this instance, see Rule 33(a)(2), Plaintiff has answered the interrogatories to the best of his ability. The Court is satisfied with Plaintiff's answer at this stage of the case and denies Defendants motion to compel with respect to Interrogatories ## 17-20.

9. **Should Plaintiff have to provide any materials in his possession which are responsive to Defendants' Request to Produce number 25-29?**

RFP ##25-29 requests Plaintiff to produce documents related to Plaintiff's municipal liability claim: for example, documents evidencing Eastpointe's failure to train or supervise its officers. Plaintiff objected, stating that the RFP called for a legal conclusion. He added that "discovery in this matter has just begun and Plaintiff is not in receipt of all the documents requested from Defendants. Furthermore, depositions have not been taken. All of these documents and materials could aid in proving the *Monell* claim. As of this writing, I do not have such documents." He made the same response to each RFP.

The Court is satisfied with Plaintiff's response that he does not have the documents at this time, reminds him of his ongoing duty to supplement discovery, reminds him that an interrogatory

is not objectionable merely because it requests application of law to facts, and denies the motion with respect to RFPs ##25-29.

> **10. Should Plaintiff have to provide copies of any exhibits, tangible materials, or other documents or electronically stored information currently in his possession which he intends to rely upon for purposes of this litigation and/or which are related to this litigation in response to Defendants' Request to Produce numbers 39-41?**

To these RFPs, Plaintiff objected, stating that the RFPs were "Overbroad. Premature, as discovery has just begun and is ongoing. It is therefore impossible to determine what exhibits may or may not be relied on at trial. However, Plaintiff will provide an exhibit list and/or provide copies of trial exhibits to be used at trial in accordance with the Court's Scheduling Order."

The RFPs are not overbroad or premature. The Court orders production of any responsive documents that Plaintiff may have within 21 days of this order and reminds him of his duty to supplement.

## IV. Conclusion

For the reasons stated above, the Court grants in part and denies in part both motions. The Court provides the following summary below.

The Court grants in part and denies in part Plaintiff's motion to compel discovery. The Court orders Defendants Deal, Merlo, and Konal either to answer Plaintiff's interrogatories in full or to provide a supplement to Defendants' answers to Plaintiff's discovery indicating that they agree to be bound by the answers given by Bourgeouis. The Court orders Defendants to comply with this order within 21 days. The Court denies Plaintiff's motion with respect to Interrogatory #4. The Court further orders Defendants to respond fully to Interrogatories ## 8 and 10 within 21 days of this order. The Court denies Plaintiff's motion with respect to Interrogatories ## 12 and 13. The

16

Court denies Plaintiff's motion with respect to his RFP argument and the Court orders the parties to produce:

> a redacted version of the activity logs removing names and addresses of non-involved citizens, citizen complaints for the previous five years arising out of the alleged use of force against the named Defendants, transport logs (if any exist) and the pertinent portions of personnel files involving training and discipline, if any, arising out of the use of force.

The parties are to enter into a protective order and exchange this information within 21 days.

The Court grants in part and denies in part Defendants' motion to compel more specific answers to interrogatories and requests for production. The Court orders Plaintiff to respond to Defendants' Interrogatory #5 within 21 days of this order. The Court orders Plaintiff to respond to Defendants' Interrogatory #6, in full, with the time period 2004 until the present, within 21 days of this order. The Court further orders Plaintiff to produce the documents responsive to Interrogatory #6, within 21 days of this order. The Court also orders Plaintiff to submit a stipulation that he is not making any type of wage loss claim within 21 days of this order. The Court also orders Plaintiff to fully respond to Defendants' Interrogatory #12 and RFP #16 within 21 days. As to Defendants' RFP #42, the Court finds that the RFP is not premature and the Court orders production of any materials Plaintiff has or otherwise state that no materials requested have not been produced. The Court reminds Plaintiff of his ongoing duty to supplement. The Court orders a production or response within 21 days of this order. The Court orders Plaintiff to provide complete information (full names, addresses, and telephone numbers) for the individuals identified in Interrogatories ## 6 and 7 within 21 days of this order. The Court denies Defendants' motion with respect to Interrogatories ## 17-20 and RFPs ##25-29. The Court orders production of any documents responsive to RFPs ## 39-41 within 21 days of this order.

No fees or costs to either party for either motion.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 3, 2012        s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 3, 2012        s/ Lisa C. Bartlett
                                  Case Manager