**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SYLVESTER SHIRLEY,

    Plaintiff,                                  Case No. 11-14297
                                                  Hon. Gerald E. Rosen

v.

CITY OF EASTPOINTE, BRIAN DEAL,
OFFICER MERLO, and OFFICER KONAL,

    Defendants.
_____/

**ORDER REGARDING VARIOUS
PENDING DISCOVERY MOTIONS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on September 4, 2012

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

Three discovery-related motions, each brought by Defendants, presently are pending before the Court in this case.[1] Each of these motions is addressed below. As discussed below, the Court largely denies these motions, with the exception of one limited aspect of the first of Defendants' three motions.

**I.    Defendants' Motion to Strike Plaintiff's Damage Claims**

In the first of their three pending motions, Defendants request that Plaintiff's

---

[1] A fourth discovery-related motion filed by Defendants at roughly the same time has been referred to the Magistrate Judge for resolution, and still another motion (also filed by Defendants) remains pending before the Magistrate Judge.

claims for damages be stricken, on the ground that Plaintiff purportedly has failed to identify each of his medical or psychological treatment providers as required (i) pursuant to Plaintiff's initial disclosure obligations under Fed. R. Civ. P. 26(a)(1), (ii) in response to interrogatories served by Defendants in the course of discovery, (iii) pursuant to Plaintiff's obligation to supplement his interrogatory responses as he learned that his initial responses were incomplete, *see* Fed. R. Civ. P. 26(e)(1), and (iv) under a May 3, 2012 order issued by the Magistrate Judge. In response, Plaintiff contends that Defendants' motion is untimely in certain respects, and that he has properly supplemented his discovery responses to include all of the provider-related information called for in Defendants' interrogatories and under the Magistrate Judge's order.

With regard to the matter of timeliness, the Court agrees with Plaintiff that certain of the matters raised in Defendants' motion were not timely brought before the Court. Under the January 31, 2012 scheduling order that governs this action, "[a]ll motions to compel disputed discovery . . . must be filed within 14 days of receipt or notice of such disputed discovery." (1/31/2012 Scheduling Order at 3.) Thus, to the extent that Defendants' motion rests upon Plaintiff's June 13, 2012 deposition testimony, in which he referenced medical treatment providers that had not been previously identified in his discovery responses, Defendants were obligated to bring a motion challenging this purported failure to supplement within 14 days after they obtained deposition testimony

alerting them to this deficiency.[2]  Similarly, to the extent that Defendants cite the July 6, 2012 deposition testimony of Plaintiff's cousin, Leonard Shirley, as alerting them to additional medical providers that might have examined or treated Plaintiff, any motion arising from these revelations had to be filed within 14 days of this deposition.  Yet, Defendants filed the present motion on July 25, 2012, more than 14 days after the two depositions at which they learned of the alleged deficiencies in Plaintiff's discovery responses.  It follows that Defendants' challenges arising from matters learned at these depositions are untimely, and no explanation has been given for the failure to raise these challenges within the 14-day period for doing so.

This leaves only Plaintiff's purported references to additional medical or psychological treatment providers at the July 13, 2012 continuation of his deposition.  In particular, Defendants point to Plaintiff's testimony that his ex-wife applied for Social Security disability benefits on his behalf, and that he recalled being seen by one or more mental health professionals in connection with this application.  (*See* Plaintiff's 8/8/2012 Response, Ex. D, Plaintiff's Dep. at 278-80, 285.)[3]  Because Defendants have timely

---

[2]As Plaintiff points out in his response to Defendants' motion, it is not clear that the additional medical providers identified in this deposition testimony triggered a duty to supplement.  Under the Magistrate Judge's May 3, 2012 order, Plaintiff was obligated to identify his past medical and psychological treatment providers only back to 2004.  It appears from the record that most, if not all, of the additional medical providers cited in Plaintiff's June 13, 2012 deposition testimony examined or treated Plaintiff prior to 2004.

[3]The Court notes that Defendants and their counsel have exhibited a troubling tendency to misrepresent the record in their submissions in support of the present motion.  Defendants state, for example, that "Plaintiff admitted applying for Social Security disability benefits based on a psychiatric disability," and that this "application was made within the last 5 years."

raised this challenge within 14 days after Plaintiff gave this deposition testimony, the Court will permit them to pursue it. Specifically, Plaintiff and his counsel are directed (i) to promptly produce, within ***ten (10) days*** of the date of this order, any and all information and documentation in Plaintiff's possession or control concerning any applications for Social Security benefits submitted by Plaintiff or by others on his behalf for the period from 2004 to the present, and (ii) to promptly provide any necessary authorizations to enable Defendants to obtain copies of medical records from any health care professionals who treated or examined Plaintiff in connection with any such applications for benefits.[4]

---

(Defendants' 8/23/2012 Reply Br. at 4.) In fact, Plaintiff testified (i) that he did not apply for benefits, but instead his ex-wife applied on his behalf, (ii) that he could not recall the nature of the disability claimed in this application, and (iii) that this application was filed "quite some time ago," and "at least five years" prior to his deposition testimony. (Plaintiff's Dep. at 278-81, 283-85.) Likewise, while Defendants suggest that the Magistrate Judge's May 3, 2012 order broadly directed Plaintiff to identify and provide authorizations for all of his "current and former medical and psychological providers," (Defendants' 7/25/2012 Motion, Br. in Support at 4), they notably omit the Magistrate Judge's express limitation to providers that examined or treated Plaintiff in the "time period 2004 until the present," (5/3/2012 Order at 11). Defense counsel is cautioned to avoid such mischaracterizations of the record in all future submissions to the Court.

[4] As noted earlier, Defendants' motion rests in part upon the deposition testimony of Plaintiff's cousin, Leonard Shirley, who indicated that he drove Plaintiff to receive medical treatment at Genex Physical Therapy and from a chiropractor. At the recent continuation of Plaintiff's deposition, however, he denied ever receiving treatment at Genex, and he could not recall being treated by the chiropractor identified by his cousin. Yet, in the reply in support of their motion, Defendants state that they have reason to believe that Genex is, in fact, in possession of medical records concerning Plaintiff.

Because this matter was addressed at Plaintiff's July 13, 2012 deposition, less than two weeks before Defendants filed the present motion, the Court finds that Defendants have timely pursued their challenge on this point. Accordingly, to the extent that it is determined that Genex does, in fact, have medical records in its possession concerning Plaintiff, Plaintiff and his counsel are directed to promptly provide any necessary authorizations to enable Defendants to

Finally, Defendants suggest more generally that Plaintiff must be withholding information and records concerning one or more health care providers, where (i) he evidently advised Macomb County Jail officials in May of 2011 that he had received treatment for fainting or a head injury in the prior six months, but (ii) the records and information he has produced in discovery fail to disclose any treatment by health care professionals during this six-month period. The Court, however, cannot compel Plaintiff and his counsel to produce information or records that they claim do not exist, nor can it impose sanctions based upon Plaintiff's failure to produce such allegedly non-existent records. Plaintiff's counsel owes a duty of candor to the Court and opposing counsel, and the Court takes counsel at his word that Plaintiff "has acted in good faith throughout the discovery process and has provided discovery answers and responses to the best of his ability." (Plaintiff's 8/8/2012 Response at 6.) To be sure, if Plaintiff attempts at a later date to introduce testimony or other evidence that he received additional medical treatment beyond what he has identified at his deposition and in his discovery responses, Defendant would be entitled to seek the exclusion of this evidence, as well as any other appropriate relief or sanctions.[5] At present, however, Defendants have failed to identify a

---

obtain copies of these records.

[5] It is worth noting that Plaintiff and his counsel seemingly have every incentive to produce any and all medical records of treatments received in the aftermath of the October 2, 2009 incident giving rise to this suit. According to Defendants, as the record now stands, Plaintiff did not seek medical treatment for any head, back, or knee injuries allegedly sustained in this incident until over two years later, on October 31, 2011. Apart from concerns of unfair surprise arising from eleventh-hour disclosures of additional records or treatment providers — a development the Court can address if and when it occurs — Defendants presumably would view

basis upon which the Court could conclude that Plaintiff has deliberately withheld requested discovery or failed to supplement his initial discovery responses regarding treatment providers during the time period of relevance to this suit.

## II. Defendants' Motion to Compel Supplemental Answers to Discovery

In their next motion, Defendants challenge Plaintiff's response to supplemental interrogatories in which Defendants sought a variety of information concerning witnesses who were identified in Plaintiff's preliminary witness list. Specifically, in a July 20, 2012 response to these supplemental interrogatories, Plaintiff lodged objections (i) that Defendants' discovery requests were untimely, since Plaintiff's responses were not due until after the June 30, 2012 discovery cut-off date, and (ii) that Defendants had previously served their full allotment of 25 interrogatories permitted under Fed. R. Civ. P. 33(a)(1).[6] Through their present motion, Defendants request that the Court overrule these objections, and that Plaintiff be ordered to provide full and complete responses to the supplemental interrogatories.

The Court need not address the validity of Plaintiff's objections,[7] because

---

this scarce medical record as favorable to their defense against Plaintiff's claims for damages.

[6]Defendants concede that at least 9 of the 10 interrogatories in their supplemental discovery request were in excess of the limit of 25 established under Rule 33(a)(1). Nonetheless, they have filed a separate motion (addressed below) requesting leave to exceed this limit.

[7]The Court does observe, however, that Plaintiff's objection as to the timeliness of Defendants' discovery requests is wholly lacking in merit. As Defendants point out, the January 31, 2012 scheduling order in this case expressly requires that discovery be *initiated* in advance of the discovery cut-off date. Defendants satisfied this requirement by serving their supplemental interrogatories on June 20, 2012, ten days before the June 30, 2012 discovery cut-

Defendants once again have failed to timely bring this matter before the Court. As noted earlier, the January 31, 2012 scheduling order in this case requires that a motion to compel discovery must be brought within 14 days after a party receives or otherwise has notice of disputed discovery. The discovery responses at issue in Defendants' motion were served by Plaintiff on July 20, 2012, yet Defendants did not file their motion until August 8, 2012, five days past the 14-day deadline. Accordingly, the Court denies Defendants' motion as untimely filed.

### III. Defendants' Motion for Leave to File Additional Interrogatories

As noted above, Defendants acknowledge that they have exceeded the usual limit of 25 interrogatories through their supplemental discovery requests served on Plaintiff on June 20, 2012. In their third and final motion, Defendants seek leave of the Court to exceed this limit, thereby overcoming Plaintiff's objection that he need not respond to these additional interrogatories. In light of the Court's determination, however, that Defendants failed to timely challenge this and the other objections raised by Plaintiff to the June 20, 2012 supplemental interrogatories, Defendants' request to exceed the limit of 25 interrogatories is now moot, as the time has passed for Defendants to insist that Plaintiff provide responses to these interrogatories.

### IV. Conclusion

For the reasons set forth above,

---

off date. Defendants having initiated this discovery in advance of the discovery cut-off date, it is immaterial that Plaintiff's responses were not due until after the cut-off date.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' July 25, 2012 motion to strike Plaintiff's damage claims (docket #42) is GRANTED IN PART, with Plaintiff directed to provide certain information and authorizations as stated in this order, and is otherwise DENIED. IT IS FURTHER ORDERED that Defendants' August 8, 2012 motion to compel supplemental answers to discovery (docket #49) is DENIED. Finally, IT IS FURTHER ORDERED that Defendants' August 8, 2012 motion for leave to file additional interrogatories (docket #50) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  September 4, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 4, 2012, by electronic and/or ordinary mail.

        s/Shawntel Jackson for Ruth A. Gunther
        Case Manager