UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Sylvester Shirley,**

       **Plaintiff,**         Civil Action No. 11-14297

  vs.                         Chief District Judge Gerald E. Rosen

**City of Eastpointe,**       Magistrate Judge Mona K. Majzoub
**Brian Deal, Officer Merlo,**
**and Officer Konal,**

       **Defendants.**
_____/

## ORDER FOR LEONARD SHIRLEY SHOW CAUSE FOR FAILURE TO OBEY SUBPOENA

Before the Court is Defendants' Motion To Show Cause why Leonard Shirley Should Not Be Held in Contempt and Be Prohibited From Testifying at Trial.  (Docket no. 51.)  Plaintiff filed a Response.  (Docket no. 59).  Defendants filed a Reply.  (Docket no. 62.)  The motion was referred to the undersigned.  (Docket no. 54).

On June 13, 2012, Defendants took Plaintiff's deposition.  (*See* docket no. 62 at 2.)  During his deposition, Plaintiff informed Defendants that Leonard Shirley, Plaintiff's cousin, had investigated this matter and had taken written statements from several alleged eye witnesses.[1]  (*Id.* at 2 n.1)  Defendants then served a Notice of Deposition on Leonard Shirley; the deposition was held on July 6, 2012.  (*Id.* at 3.)

During his deposition, Leonard Shirley informed Defendants that he had in his possession video recordings of the incident at issue as well as other discoverable materials.  (*Id.*)  On July 9,

---

[1] These witnesses and their respective addresses and phone numbers are the subject matter of Defendants Motion to Strike (docket no. 34) and this Court's Order for Plaintiff to Show Cause.

Defendants served a subpoena compelling Leonard Shirley to produce such materials on July 13, 2012, at 10:00 a.m. at the law offices of Timothy S. Ferrand, Cummings, McClorey, Davis & Acho, PLC, 43409 Schoenherr, Sterling Heights, MI, 48313.  (Docket no. 51-3).

Leonard Shirley did not produce the documents on July 13, 2012.  (Docket no. 51 at 4-5.) Defendants provided a copy of the Proof of Service for the subpoena indicating that the subpoena was personally served on Mr. Shirley at 4:35 p.m. on July 9, 2012.  (Docket no. 51-3 at 6.) Defendants allege that they will be significantly prejudiced by Mr. Shirley's failure to produce these materials if Mr. Shirley is allowed to testify at trial or if Plaintiff is allowed to produce these materials at trial.  (Docket no. 62 at 3-5.)

Plaintiff does not deny that the materials exist or that Mr. Shirley failed to respond to the subpoena.  (Docket no. 59. at 1-3.)  Instead, Plaintiff states that "a non-party witness or any witness for that matter, cannot produce what they do not have" and that "Plaintiff's Counsel has not received any such materials either, thus Plaintiff cannot use at trial what he does not currently have."[2]  (*Id.* ¶¶ 6-7.)  Additionally, Plaintiff objects to the subpoena because it was served after the close of discovery,[3] and Plaintiff objects to Defendants Motion because it was not filed within 14 days of Mr.

---

[2]Plaintiff's conclusory statements aside, Mr. Shirley testified that he had possession of these materials and that he could produce them for Defendants' counsel.  (*See, e.g.*, docket no. 52-2 at 8.)  And Defendants are not concerned about what Plaintiff's counsel has *today*; Defendants are concerned with what Plaintiff will attempt to introduce *at trial*.  (Docket no. 62 at 4.)

[3]Notably, neither Plaintiff nor Mr. Shirley appear to have objected to the subpoena at the time that it was served or before the July 13, 2012 production date.

Shirley's failure to produce.[4] (*Id.* ¶ 4.) Thus, Plaintiff argues, Defendants' Motion must be denied in its entirety. (*Id.*)

Defendants argue that they issued the subpoena for Mr. Shirley on July 6, 2012–the day of his deposition–and served him on July 9, 2012. (Docket no. 62 at 3.) Although this subpoena was served after the close of discovery on June 30, 2012, Defendants contend that they could not have issued the subpoena any earlier because they did not know that the materials existed until during Mr. Shirley's deposition. (*Id.*) The Court is satisfied with this explanation. Nevertheless, Defendants do not explain why they waited 26 days to file the instant Motion in clear violation of Judge Rosen's Scheduling Order. Thus, the Court will inquire into the cause for this delay.

Regardless of whether Defendants' Motion is timely, it does not excuse Plaintiff's blatant disregard for a subpoena issued by this Court. Mr. Shirley failed to produce materials as ordered, and neither Mr. Shirley nor Plaintiff moved to quash or otherwise modify the subpoena. Rule 45(e) provides that the "issuing court may [on its own or on a party's motion] hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). Leonard Shirley will, therefore, be ordered to appear and show cause why he should not be held in contempt of court for his failure to produce materials for inspection as directed.

**IT IS THEREFORE ORDERED** that Leonard Shirley will appear on **Monday, November 19, 2012, at 1:30 p.m.**, in Room 642 of the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan **and show cause why he should not be held in contempt of court for his repeated failure to produce materials in response to a subpoena** on July 13, 2012.

---

[4]Pursuant to Judge Rosen's Scheduling Order in this matter, "[a]ll motions to compel disputed discovery . . . must be filed within 14 days of receipt or notice of such disputed discovery . . . absent some extraordinary showing of good cause." (Docket no. 8 at 3.)

3

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 23, 2012        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order to Show Cause was served upon Leonard Shirley at 18903 Pinehurst, Detroit, Michigan 48221 and Counsel of Record on this date.

Dated: October 23, 2012        s/ Lisa C. Bartlett
                               Case Manager