UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sylvester Shirley,

        Plaintiff,        Civil Action No. 11-14297

   vs.                           Chief District Judge Gerald E. Rosen

City of Eastpointe,           Magistrate Judge Mona K. Majzoub
Brian Deal, Officer Merlo,
and Officer Konal,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STRIKE LAY WITNESSES FROM PLAINTIFF'S
WITNESS LIST [34] AND GRANTING IN PART AND DENYING IN PART RELIEF
REQUESTED IN DEFENDANTS' MOTION TO SHOW CAUSE [51]**

Before the Court are Defendants' Motion to Strike Lay Witnesses from Plaintiff's Witness List (docket no. 34) and Motion To Show Cause why Leonard Shirley Should Not Be Held in Contempt and Be Prohibited From Testifying at Trial (docket no. 51). Plaintiff filed Responses to each Motion (Docket nos 41 and 59). Defendants filed a Reply in Support of their Motion to Show Cause. (Docket no. 62.) The motions were referred to the undersigned. (Docket nos. 39 and 54).

On October 23, 2012, the Court ordered Plaintiff to Show Cause why he should not be held in contempt of court for (1) his failure to comply with the Court's May 3, 2012 Order; and (2) his failure to properly disclose the contact information for individuals with discoverable information under Rules 26(a) and (e). (Docket no. 70.) Additionally, the Court Ordered Leonard Shirley to show cause why he should not be held in contempt of court for his repeated failure to produce materials in response to a subpoena on July 13, 2012. (Docket no. 71.) The Court held a hearing on November 19, 2012. The Motions are now ready for ruling.

**I.    Plaintiff's Motion to Strike**[1]

At the November 19, 2012 hearing, Plaintiff stipulated to striking the following witnesses from Plaintiff's witness list: Stephanie Maizys, Kalton Sabra, George Barkley, Darnell Blunt, Veneissa Kelly, Valencia Kelly, Tianna Caldwell, Rose Sutton, Camille Plummer, Jalisha Plummer, Antione Horton, Marquita Stevens, Michael Shirley, Dyshinique Shirley, and Jasmine Hunt. Therefore, the Court will strike these witnesses from Plaintiff's witness list. With regard to the remaining three witness at issue in Defendants' Motion to Strike, Plaintiff indicated that he generally reaches them through use of a cell phone or through Facebook. Plaintiff indicates that when he calls these individuals for trial, he will locate them by means of a private investigator, or by reaching out to them personally by cell phone, texting, or through friends.

Fed.R.Civ.P. 37(b)(2)(A)(ii). Rule 26(a) requires a party to disclose "the name, and if known, the address and telephone number" of individuals who likely have discoverable information. Fed.R.Civ.P. 26(a)(1). Likewise, Rule 26(e) creates a continuing duty of disclosure when the party later acquires such information. Fed.R.Civ.P. 26(e). Rule 37(c), in turn, provides that if a party does not supplement a response, the evidence will be excluded:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1). Additionally, Rule 37(b) authorizes a court to sanction a party by "prohibiting the disobedient party . . . from introducing designated matters in evidence." Fed.R.Civ.P. 37(b).

---

[1]The Court adopts the facts set forth in its Order to Show Cause (Docket nos. 70.)

On May 3, 2012, this Court ordered Plaintiff "to provide complete information (full names, addresses, and telephone numbers) for the individuals identified in Interrogatories ## 6 and 7 within 14 days." (Docket no. 20 at 14.)  The Court warned that "[i]f Plaintiff fails to do so, the Court will preclude the witnesses and any testimony they may provide." (*Id.*)  Implicit in the Court's May 3, 2012 Order was a requirement that Plaintiff provide actual addresses for his witnesses.

With regard to Moneka Thomas, the Court finds that Plaintiff has failed to properly supplement his discovery responses as required by Rule 26(e) and has failed to act in good faith with regard to this Court's May 3, 2012 Order.  Plaintiff indicated that he has had contact information for Ms. Thomas, including her cellular phone number, for over three weeks and never attempted to provide that information to Defendants before the November 19, 2012 hearing date.  Moreover, Plaintiff's initial disclosure related to Ms. Thomas included only her name and a location of "Detroit, MI."  Therefore, the Court will strike Moneka Thomas from Plaintiff's Witness List.

With regard to Ariel Sydes and Serita Watson, the Court finds that Plaintiff attempted to provide accurate contact information to Defendants even though such information was not current at the time Defendants attempted to serve Ms. Sydes and Ms. Watson with deposition notices.  Nevertheless, Defendants should not be expected to proceed to trial without questioning these witnesses in advance, and Plaintiff now indicates that he has current contact information for Ms. Sydes and Ms. Watson.  Therefore, the Court will order Plaintiff to produce Ms. Sydes and Ms. Watson for deposition at a place and time convenient for Defendants' counsel within 21 days.  The Court will also order that if Plaintiff fails to produce either of these witnesses, said witness will be stricken from Plaintiff's witness list.

**II.     Defendants' Motion to Show Cause**[2]

Rule 26(b) provides that parties may obtain discovery regarding any "non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Rule 45(e) provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). The Court has broad powers to order remedies in contempt proceedings.

At the November 19, 2012 hearing, Plaintiff's counsel indicated that he had not seen any of the information that Leonard Shirley claimed to have during his deposition. Additionally, Shirley indicated that he was 80% sure that the videos and notes at issue are no longer in his possession, custody, or control. Plaintiff's counsel indicated that he would like one week to allow Shirley to search for the videos and notes, and if the same cannot be found, Plaintiff would stipulate to an order barring Plaintiff's use of such information or any testimony related thereto.

Shirley does not deny that he failed to obey the July 6, 2012 subpoena. And although the Court believes that he harbored no ill will with regard to his noncompliance, Defendants would, nevertheless, be severely prejudiced if any of the videos or notes alluded to in Shirley's deposition were to be introduced at trial. Defendants brought the instant Motion on August 8, 2012. Plaintiff's counsel and Shirley have had over three months to find the video and documents in question and have failed to do so; the Court will not grant them additional time. Therefore, the Court will bar Plaintiff from introducing at trial any of the materials allegedly collected by Leonard Shirley in his investigation that have not previously been disclosed to Defendants; the Court will also bar Leonard Shirley from testifying to the content of any such materials.

---

[2] The Court adopts the facts set forth in its Order to Show Cause (Docket nos. 71.)

### III.     Sanctions

Pursuant to Fed.R.Civ.P. 37(b)(2)(C) the Court will order Plaintiff and Plaintiff's counsel to pay reasonable expenses, including attorneys fees, for causing Defendants' to bring their Motion to Strike Lay Witnesses.  The Court is deeply disturbed that out of the 18 witnesses objected to by Defendants' counsel, Plaintiff was willing to stipulate to striking 15 of them and had contact information for the remaining three.  It appears to the Court that this issue could have easily been addressed by counsel without the Court's intervention had Plaintiff's counsel acted in good faith to reach a resolution on this matter.

Additionally, Pursuant to Fed.R.Civ.P. 45(e) the Court will order Leonard Shirley to pay reasonable expenses, including attorneys fees, for causing Defendants to bring their Motion to Show Cause.  While the Court accepts Shirley's explanation for his failure to comply with the subpoena, Shirley should have notified Defendants' counsel that none of the requested documents were available. Moreover, in Shirley's deposition, he clearly indicated to Defendants' counsel that he had direct access to at least some of the videos in question.  If the materials are in Shirley's possession, custody, or control, then he blatantly ignored a subpoena.  Assuming, however, that the materials are not in Shirley's possession, custody, or control, then he lied under oath during his deposition.  In either case, Shirley's actions were the direct cause of Defendants' instant motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Lay Witnesses will be **GRANTED IN PART AND DENIED IN PART**.  The following witnesses are stricken from Plaintiff's witness list: Stephanie Maizys, Kalton Sabra, George Barkley, Darnell Blunt, Veneissa Kelly, Valencia Kelly, Tianna Caldwell, Rose Sutton, Camille Plummer, Jalisha Plummer, Antione

Horton, Marquita Stevens, Michael Shirley, Dyshinique Shirley, Jasmine Hunt, and Moneka Thomas.

**IT IS FURTHER ORDERED** that Plaintiff must produce Ariel Sydes and Serita Watson for deposition at a place and time convenient for Defendants' counsel within 21 days. If Plaintiff fails to Produce either Ariel Sydes or Serita Watson by such date, it is ordered that these two names will be stricken from Plaintiff's witness list.

**IT IS FURTHER ORDERED** that Plaintiff is barred from introducing at trial any of the materials allegedly collected by Leonard Shirley in his investigation that have not previously been disclosed to Defendants, and Leonard Shirley is barred from testifying to the content of any such materials.

**IT IS FURTHER ORDERED** that Plaintiff and Plaintiff's counsel must pay reasonable expenses, including attorneys fees, for causing Defendants' to bring their Motion to Strike Lay Witnesses.

**IT IS FURTHER ORDERED** that Leonard Shirley must pay reasonable expenses, including attorneys fees, for causing Defendants to bring their Motion to Show Cause.

**IT IS FURTHER ORDERED** that Defense counsel is ordered to present a bill of costs and fees to this Court pertaining to the filing and hearing of both motions (Dockets nos. 34 and 51) on or before November 30, 2014.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 21, 2012        s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order to Show Cause was served upon Leonard Shirley at 18903 Pinehurst, Detroit, Michigan 48221 and Counsel of Record on this date.

Dated: November _21, 2012        s/ Lisa C. Bartlett
                                        Case Manager