UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Sylvester Shirley,**

      **Plaintiff,**                **Civil Action No. 11-14297**

    vs.                             **Chief District Judge Gerald E. Rosen**

**City of Eastpointe,**             **Magistrate Judge Mona K. Majzoub**
**Brian Deal, Officer Merlo,**
**and Officer Konal,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Sylvester Shirley filed this 42 U.S.C. § 1983 claim against Defendants Eastpointe, Deal, Merlo, and Konal alleging that the individual defendants used excessive force against him outside of a bar on October 2, 2009.

### I.  Recommendation

This Court recommends that Defendants be awarded (1) reasonable costs and attorneys fees in the amount of $2,015.73, payable by Plaintiff Sylvester Shirley and Plaintiff's attorneys, Christopher Trainer and Associates, P.C., jointly and severally, and (2) a sanction in the amount of $25.00, payable by Leonard Shirley.  The Court further recommends that Leonard Shirley and Plaintiff's Counsel be ordered to remit to Defendant's counsel such payments on or before January 5, 2013.

### II.  Report

This matter is before the Court on Defendants' Motion to Strike Lay Witnesses from Plaintiff's Witness List (docket no. 34) and Motion To Show Cause why Leonard Shirley Should Not Be Held in Contempt and Be Prohibited From Testifying at Trial (docket no. 51).  Plaintiff filed

Responses to each Motion. (Docket nos. 41 and 59.)  Defendants filed a Reply in Support of their Motion to Show Cause.  (Docket no. 62.)  The motions were referred to the undersigned.  (Docket nos. 39 and 54).

On October 23, 2012, the Court ordered Plaintiff to Show Cause why he should not be held in contempt of court for (1) his failure to comply with the Court's May 3, 2012 Order; and (2) his failure to properly disclose the contact information for individuals with discoverable information under Rules 26(a) and (e).  (Docket no. 70.)  Additionally, the Court Ordered Leonard Shirley to show cause why he should not be held in contempt of court for his repeated failure to produce materials in response to a subpoena on July 13, 2012.  (Docket no. 71.)  The Court held a hearing on November 19, 2012.

On November 21, 2012, the Court issued an Opinion and Order granting Defendants' Motion to strike 16 witnesses from Plaintiff's witness list; ordering the depositions of two of Plaintiff's witnesses; barring Plaintiff from introducing certain evidence at trial; ordering sanctions, including reasonable expenses and attorneys fees, against Plaintiff, Plaintiff's Counsel, and Leonard Shirley; and setting forth the basis for such sanctions.[1]  (Docket no. 73 at 5-6.)  The Court also ordered Defendants to present to the Court a bill of costs and fees pertaining to the filing and hearing of Defendants' Motions.  (*Id.* at 6.)  Defendants submitted their bill of costs on November 30, 2012. (Docket no. 74.)

Defendants' bill of costs indicates that attorneys Jason J. Thomas and Timothy S. Ferrand spent a total of 31.20 hours related to the two Motions at issue at a rate of $135.00 per hour; thus, they submit total attorneys fees in the amount of $4,212.00.  Additionally, Defendants' bill of costs

---

[1] Plaintiff has filed an objection to the Court's Order.  (Docket no. 75.)

2

indicates that they incurred additional costs in the amount of $783.58, which equates to total fees and costs in the amount of $4,995.58.  (*Id.* at 6.)

### A.     Sanctions against Plaintiff and Plaintiff's Counsel

Having reviewed the substance of Defendants' bill of costs, the Court finds defense counsel's reasonable number of hours spent on Defendants' Motion to Strike Lay Witnesses to be 10.1 hours, and not the 31.20 hours as submitted. Therefore, Defendant is entitled to reimbursement of $1,363.50 at defense counsel's rate of $135.00 per hour.  Additionally, Defendant is entitled to reimbursement of the $647.23 in costs related directly to Defendants' Motion to Strike Law Witnesses and $5.00 in parking fees.  Therefore, the Court recommends ordering Plaintiff and Plaintiff's Counsel, jointly and severally, to pay to Defendants sanctions in the amount of $2,015.73.

### B.     Sanctions against Leonard Shirley

Having reviewed the substance of Defendants' bill of costs, the Court finds that defense counsel's reasonable number of hours spent on Defendants' Motion to Show Cause regarding Leonard Shirley was 7.9 hours.  Thus, Defendant would be entitled to a reimbursement of $1,066.50 at defense counsel's rate of $135.00 per hour.  Additionally, Defendant would be entitled to a reimbursement of the $126.35 in costs and $5.00 in parking fees for a total reimbursement of $1,197.85.

Nevertheless, "[c]ivil contempt sanctions are intended 'to enforce compliance with court orders and to compensate injured parties for losses sustained.'" *Banner v. City of Flint*, 99 Fed. App'x. 29, at *41 (6th Cir. 2004) (citing *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994)).  As the Court noted in its November 21, 2012 Order, "the Court believes that [Shirley] harbored no ill will with regard to his noncompliance."  (Docket no. 73 at 4.)  Moreover, pursuant to Shirley's

3

statements at his show-cause hearing, the Court accepts that Shirley believed he was in compliance with the Court's subpoena and merely acted on bad information or advice. Thus, significant monetary sanctions against Shirley for his noncompliance would not serve to enforce future compliance. Therefore, the Court recommends ordering Leonard Shirley to pay to Defendants sanctions in the amount of $25.00.

### III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: December 17, 2012     s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: December 17, 2012     s/ Lisa C. Bartlett
                             Case Manager