UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER SHIRLEY,

    Plaintiff,

v.

CITY OF EASTPOINTE, BRIAN DEAL,
OFFICER MERLO, and OFFICER KONAL,

    Defendants.
_____/

Case No. 11-14297
Hon. Gerald E. Rosen
Magistrate Judge Mona K. Majzoub

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S NOVEMBER 21, 2012 OPINION AND ORDER AND DECEMBER 17, 2012 REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

In an opinion and order dated November 21, 2012, Magistrate Judge Mona K. Majzoub granted in part two motions brought by Defendants challenging (i) Plaintiff's purported failure to provide contact information for a number of witnesses, as previously requested by Defendants in discovery and as instructed in the Magistrate Judge's May 3, 2012 order , and (ii) the claimed failure of a non-party witness, Leonard Shirley, to produce materials in response to a subpoena.  In addition, the Magistrate Judge ordered Plaintiff, Plaintiff's counsel, and Mr. Shirley to pay the attorney fees and expenses incurred by Defendants in bringing these two motions.  Next, in a December 17, 2012

report and recommendation ("R & R"), the Magistrate Judge recommended specific amounts to be awarded to Defendants pursuant to the November 21 order. Plaintiff has filed objections to each of these two rulings. For the reasons stated below, the Court overrules these objections, affirms the November 21, 2012 order, and adopts the December 17, 2012 R & R.

In his objections, Plaintiff does not take issue with the Magistrate Judge's findings or rulings on the substantive discovery-related issues raised in Defendants' two underlying motions.[1] Instead, Plaintiff complains that the Magistrate Judge inappropriately imposed "monetary sanctions" despite the purported "good faith efforts" of Plaintiff and his counsel to comply with Defendants' discovery requests and a May 3, 2012 order directing Plaintiff to provide complete contact information for a number of witnesses. (*See* Plaintiff's 12/5/2012 Objections at 2-3.) Yet, in light of the Magistrate Judge's findings in an October 23, 2012 order to show cause — findings that were incorporated by reference into the Magistrate Judge's November 21 opinion and order — it is difficult to characterize Plaintiff and his counsel as having made good faith efforts to comply, where (i) the contact information provided by Plaintiff led to uniformly "unsuccessful" attempts by Defendants to serve deposition notices on these witnesses, and (ii) Plaintiff altogether "failed to provide addresses or contact information . . . for at

---

[1] In particular, the Magistrate Judge ordered that a number of witnesses be stricken from Plaintiff's witness list, that other witnesses be produced for depositions, and that Plaintiff be barred from introducing at trial any materials referenced at Leonard Shirley's deposition that were not subsequently produced to Defendants. Plaintiff does not challenge any of these rulings in his present objections.

least 11 additional witnesses" named on his witness list. (10/23/2012 Order at 1, 3.)[2] As the Magistrate Judge aptly observed, "[i]mplicit in the Court's May 3, 2012 Order was a requirement that Plaintiff provide actual addresses for his witnesses," (*id.* at 2), but the record fails to evidence any attempt by Plaintiff and his counsel to ensure that the contact information provided to Defendants was accurate. More generally, the Court shares the view of the Magistrate Judge that it is "troubling" that Plaintiff would "claim[] that he intends to call all of these individuals as witnesses but now implies that he does not know how to contact them." (*Id.* at 3.)

If these lackadaisical attempts at compliance were not sufficient by themselves to warrant the relief awarded in the Magistrate Judge's November 21 opinion and order, the November 21 order itself identifies an additional, well-founded basis for requiring Plaintiff and his counsel to pay Defendants' attorney fees and expenses. In particular, when confronted with Defendants' July 10, 2012 motion to strike a number of witnesses from Plaintiff's witness list in light of the failure to provide accurate contact information for these individuals, Plaintiff and his counsel did not concur in this requested relief and agree not to call these witnesses at trial, but instead argued that Defendants' motion should be "denied in its entirety." (Plaintiff's 7/24/2012 Response Br. at 2.) It was only much later, at a November 19, 2012 hearing on Defendants' motion, that Plaintiff and his

---

[2]As one particularly egregious example of the apparent absence of good faith efforts by Plaintiff and his counsel to provide accurate contact information for witnesses, the Magistrate Judge pointed to one address supplied by Plaintiff, purportedly for witness Stephanie Meizys, that led Defendants' process server to a trailer that had been vacant since 2005 and had been occupied by someone other than Ms. Meizys from 1997 to 2005. (*Id.* at 2 n.3.)

counsel indicated for the first time that "out of the 18 witnesses objected to by Defendants' counsel, Plaintiff was willing to stipulate to striking 15 of them and had contact information for the remaining three." (11/21/2012 Op. at 5.) Again, the Court readily concurs in the Magistrate Judge's view that in light of this stipulation, the issues presented in Defendants' motion to strike witnesses "could have easily been addressed by counsel without the Court's intervention had Plaintiff's counsel acted in good faith to reach a resolution on this matter." (*Id.*)

Against this backdrop, it was wholly appropriate for the Magistrate Judge to order Plaintiff and his counsel to pay the attorney fees and expenses incurred by Defendants in bringing their motion to strike witnesses — and, indeed, it would have bordered on an abuse of discretion not to do so. First, to the extent that Plaintiff's failure to provide accurate contact information constituted a violation of the Magistrate Judge's May 3, 2012 order directing that this information be produced, Fed. R. Civ. P. 37(b)(2)(C) establishes a presumption that a disobedient party "must" be ordered to "pay the reasonable expenses, including attorney's fees, caused by the failure to comply" with a court order, unless this lack of compliance "was substantially justified or other circumstances make an award of expenses unjust." Certainly, Plaintiff has not suggested how his deficient production of witness contact information was "substantially justified," nor has he identified any circumstances that would render an expense award unjust.

Next, even assuming that no prior court order had been violated, the Magistrate Judge had ample discretion under Fed. R. Civ. P. 37(c)(1)(A) to "order payment of the

reasonable expenses, including attorney's fees, caused by [Plaintiff's] failure" to provide sufficient information about his witnesses to enable Defendants to contact these individuals.  Given that (i) Plaintiff and his counsel dragged out for months the seemingly simple process of responding to Defendants' request for witness contact information, (ii) the information provided in response to this request was incomplete and largely inaccurate, and (iii) after this prolonged and largely fruitless process, Plaintiff ultimately agreed not to call 15 of the 18 witnesses for whom Defendants sought contact information, the Court is satisfied that the Magistrate Judge properly exercised this discretion in ordering the payment of Defendants' fees and expenses.  Nor does it matter, contrary to Plaintiff's suggestion, that the Magistrate Judge ordered this relief without "warn[ing]," (Plaintiff's 12/5/2012 Objections at 2), where Rule 37 itself provides any necessary warning that the failure to comply with a court order or to provide sufficient information to identify and locate a witness can result in an order requiring payment of the opposing party's fees and expenses.[3]

Finally, Plaintiff complains that the amount of fees and expenses awarded in the Magistrate Judge's December 17, 2012 R & R is excessive.  Yet, the Magistrate Judge

---

[3]Indeed, while Plaintiff characterizes the Magistrate Judge as having "resorted to the extreme remedy of issuing monetary sanctions," (*id.* at 3), Rule 37(a)(5)(A) provides as a general rule that a party "whose conduct necessitated" a motion to compel "must" be ordered "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Again, given that Defendants had to pursue multiple rounds of motions in an effort to obtain contact information for the individuals named on Plaintiff's witness list, and given that Plaintiff's ultimate response at the end of this lengthy process was, in essence, "never mind," the Court doubts whether the modest make-whole relief ordered by the Magistrate Judge even qualifies as "monetary sanctions," much less an "extreme remedy."

significantly discounted the attorney fee award sought by Defendants, finding that the "reasonable number of hours spent on Defendants' Motion to Strike Lay Witnesses [is] 10.1 hours, and not the 31.20 hours as submitted." (12/17/2012 R & R at 3.) Plaintiff has not explained why a further discount is warranted, and the Court finds that the award recommended by the Magistrate Judge is reasonable under the circumstances.[4]

      For these reasons,

---

[4]In his objections, Plaintiff also takes issue with the Magistrate Judge's decision to require non-party Leonard Shirley to pay the reasonable attorney fees and costs incurred by Defendants in bringing their motion challenging Mr. Shirley's lack of compliance with a subpoena. It is not clear to the Court, however, that Plaintiff or his counsel would have standing to challenge the Magistrate Judge's rulings as to this non-party, and Mr. Shirley has not filed any objections on his own behalf. In any event, the $25.00 fee and expense award recommended by the Magistrate Judge is truly *de minimis,* and the Court is satisfied that the Magistrate Judge identified sufficient factual and legal grounds for this award, where Mr. Shirley suggested at his deposition that certain materials were in his possession or control, but he nonetheless failed to promptly notify defense counsel when he was unable to locate these materials. Had Mr. Shirley taken this reasonable step, Defendants' motion (and the attendant expense) would not have been necessary.

6

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 5, 2012 objections (docket #75) to the Magistrate Judge's November 21, 2012 opinion and order are OVERRULED.  IT IS FURTHER ORDERED that Plaintiff's December 31, 2012 objections (docket #77) to the Magistrate Judge's December 17, 2012 report and recommendation also are OVERRULED.  In accordance with these rulings, within *ten (10) days* of the date of this order, Plaintiff and his counsel shall pay an award of *$2,015.73* in attorney fees and costs to Defendants, and non-party Leonard Shirley shall pay an award of *$25.00* in attorney fees and costs to Defendants.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 15, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 15, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager